**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Jesse Williams, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 1:09-cv-07291 |
| | ) | Judge: Ruben Castillo |
| IPC International Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

<u>**Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss**</u>

Plaintiff, Jesse Williams, by and through his attorney, Stuart K. Jones and Associates submits this Memorandum in opposition to Defendant IPC International Corporation's Fed. R. Civ. Pro. 12(b)(6) motion to dismiss.  As set forth below, Defendant's motion should be denied because Mr. Williams' First Amended Complaint asserts a valid retaliation claim upon which relief may be granted.  Therefore, he should be afforded the opportunity, through the discovery process, to meet his burden of proof.  In the alternative, Plaintiff hereby moves this honorable court for leave to amend Plaintiff's Complaint, if necessary, pursuant to Fed. R. Civ. P. 15(a) to address any defects.

**Introduction**

This is an action arising out of IPC International Corporation's unlawful conduct in retaliating against Mr. Williams when he complained that IPC had discriminated against him based on his race in violation of Title VII of the Civil Rights Act of 1964.  This Response is supported by the following Memorandum and the First Amended Complaint of Jesse Williams. As shown below, Defendant's motion to dismiss should be denied for two reasons:

1. Under the facts set forth in the Complaint, which must be accepted as true, Mr. Williams has sufficiently alleged the elements of a retaliation claim, including that: (1) IPC engaged in activity (hanging nooses) that Mr. Williams reasonably believed to be illegal

race discrimination (Complaint ¶ 12); (2) he reported that activity to his supervisors (Complaint ¶ 12); and (3) as a result the Defendant took adverse employment action against him (provided an unjustified negative recommendation to Mr. Williams' prospective employer. (Complaint ¶ 20).

2. The Defendant's Motion must be denied because the standard applied for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is that the court take as true factual allegations in the Complaint.  Here, Mr. Williams' Complaint states that he received a copy of the RTSL on or after August 23, 2009 (Complaint ¶ 5).  This lawsuit was filed within ninety days of his receipt of the RTSL.

**Factual Background**

The Defendant employed Mr. Williams, a black man, as a security guard from January 2001 until terminating him in approximately May 2003. (Complaint ¶ ¶ 10, 19).  On or around June 30, 2006, IPC gave the City of Chicago a negative job reference for Mr. Williams. (Complaint ¶ 20).  As a result of the bad reference, he filed a charge of retaliation against IPC with the Equal Employment Opportunity Commission ("EEOC") on or about October 2, 2006. Then, in February 2009, Mr. Williams provided the post office with a forwarding address. (Complaint ¶ 7).  The EEOC dismissed Plaintiff's claim and issued a Right-to-Sue-letter dated July 10, 2009, via certified mail to Plaintiff's old address ("the July 10th letter"). (Complaint ¶ 6).  Plaintiff did not receive that Right-to-Sue-letter ("RTSL"). (Complaint ¶ 6).  Subsequently, the EEOC reissued the RTSL to the same address by ordinary mail dated August 20, 2009, which the post office forwarded to his new address ("the August 20th letter").   (Complaint ¶ 7). According to the August 20th letter, the Postal Service returned the July 10th letter to the EEOC because the letter was unclaimed.  (Complaint ¶ 6).   On or after August 23, 2009, Plaintiff received the August 20th letter.  (Complaint ¶ 5).   The Plaintiff's Complaint was filed within 90 days of his receipt of the RTSL on November 20, 2009. (Complaint ¶ 5).

## I.     Applicable Legal Standard

A motion to dismiss under Rule 12(b)(6) raises the question as to whether a complaint states a claim upon which relief can be granted. *Gen Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). A complaint need only set forth enough facts to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1965 (2007). In reviewing a complaint under Rule 12(b)(6), the court must accept as true the plaintiff's allegations and construe the complaint in the light most favorable to the plaintiff, resolving all doubts in his favor. *Id. see also Jenkins v. McKeithem*, 395 U.S. 411, 421 (1969). The complaint need not even support the particular legal theory intended by the plaintiff, as the court must consider "whether the allegations could provide relief under any available legal theory." *Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund*, 25 F.3d 417, 421 (7th Cir.1994).

Consistent with the liberal pleading standards of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This is a notice pleading standard, not a fact pleading standard. The Federal Rules of Civil Procedure rejected the code-pleading approach that required allegations of fact for each element of a legal theory. *Doe v. Smith*, 429 F.3d 706, 707 (7th Cir. 2005). Plaintiffs need only set out a claim for relief, which usually requires a plaintiff to do "no more than narrate a grievance simply and directly, so that the defendant knows what he has been accused of." *Id.*

To survive a Rule 12(b)(6) motion to dismiss, the complaint need only contain factual matter, accepted as true, that is sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). A claim has facial plausibility when the

"facts reasonably infer that the defendant is liable for the misconduct alleged." *Id.* at 1954.  The

United Statues Supreme Court has clarified that: "Such simplified notice pleading is made

possible by the liberal opportunity for discovery...[that will] disclose more precisely the basis of

[the] claim and [will] define more narrowly the disputed facts and issues.  *See Conley v. Gibson*,

355 U.S. 41, 42-43, 47-48 (1957).


## II.      Mr. Williams Properly Plead a Retaliation Claim Against Defendant.

Defendant argues that Mr. Williams' Complaint should be dismissed under 12(b)(6)

because his Complaint "does not assert a count or cause of action." (Def. Motion to Dismiss ¶

14).  This is simply not correct.  The first sentence of Mr. Williams' Complaint reads: "The

Plaintiff...complains that the Defendant...*retaliated* against him *because* he claimed that IPC had

discriminated against him because of his race in violation of the Civil Rights Act of 1964...."

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint, not the

merits of the case.  *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

Moreover, when 42 U.S.C. § 2000e-2 governs a complaint, the Seventh Circuit permits a

plaintiff to plead general allegations.  *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 733

(7th Cir. 2007), such as: "'I was turned down for a job because of my race' is all a complaint has

to say." *Bennett v. Schmidt*, 153 F.3d 516, 518-19 (7th Cir. 1998).  Or, as the District of

Columbia Court of Appeals held, a Title VII retaliation plaintiff need only allege that the

defendant "retaliated against me because I engaged in protected activity." *Rochon v. Gonzales*,

438 F.3d 1211, 1220 (D.C. Circ. 2006).  Mr. Williams has pleaded far more!

In the first sentence of his Complaint, Mr. Williams makes a standard claim that the

Defendant retaliated against him.  In addition, however, Mr. Williams makes a series of detailed

4

allegations describing the retaliatory behavior.  Paragraphs 13-17 describe actions by IPC that provide evidence of its retaliatory animus.  For example, he alleges that IPC scrutinized his work, unjustifiably disciplined him, revoked his driving privileges, and gave him bad job assignments. (Complaint ¶ ¶ 13-17).

The Plaintiff also specifically alleges that Defendant committed a Title VII violation (Complaint ¶ 21) and an adverse employment action for engaging in a protected activity, *i.e.*, that IPC provided an unjustified negative recommendation to the City of Chicago, a prospective employer (Complaint ¶ 12) because he complained about race discrimination (Complaint ¶ 20). *See Corbett v. CYTC Corp.*, No. 07 C 4768, 2008 WL 4855073 (N.D. Ill. Nov. 7 2008) (Identifying that as a predicate of any retaliation claim, a plaintiff must allege (1) an underlying Title VII violation, (2) his complaint about the violation, and  (3) some adverse action).   Indeed, Mr. Williams' allegations meet these three requirements.  *See Robinson v. Shell Oil Co.*, 519 U.S. 337 (1997) (holding that former employer's bad letter of reference is actionable retaliation notwithstanding that plaintiff was a *former* employee).

Defendant further argues that, because plaintiff asserts non-racial reasons for discipline and fails to allege that race was a motivating factor, his complaint must be dismissed. (Def. Motion to Dismiss ¶ ¶ 12, 13).  These arguments are invalid.  Mr. Williams neither claims that the discharge was retaliatory nor does he claim race discrimination,[1]  so, Defendant makes an irrelevant argument.

As stated previously, the Seventh Circuit has clearly stated that all that is need in order to withstand a Rule 12(b)(6) motion in the context of a Complaint for unlawful employment practices is to simply state "I was turned down for a job because of my race." *Bennett*, 153 F.3d at 518.

---

[1] Although, the 1991 Amendments to the Civil Rights Act of 1964 make mixed motive adverse action actionable.

Here, Mr. Williams alleges in paragraph 20 of his Amended Complaint that "In 2006, [he] applied for employment with the Chicago Police Department.  Although he was fully qualified for the position, the City rejected his application expressly because IPC had given him a negative job reference."  Post-termination retaliatory acts that impinge on future employment prospects of a former employee are valid retaliation claims.  *Rudelinger v. Jarrett*, 106 F.3d 212, 214 (7th Cir. 1997).  As previously discussed, it is not necessary for plaintiffs to plead or allege detailed facts.

Mr. Williams has not asserted a bald claim of retaliation that fails to identify the nature of the suit and the acts comprising the retaliatory activity.  Rather, he has identified both the suit and the retaliatory acts, providing the defendant with adequate notice of his claims, thereby satisfying the pleading requirement of Rule 8(a)(2).  *Walker v. Thompson*, 288 F.3d 1005, 1011 (7th Cir. 2002).  Mr. Williams has more than sufficiently satisfied the pleading requirements of *Bell Atlantic v. Twombly* 550 U.S. 544 (2007) and the court should deny Defendant's motion to dismiss.

### III.    Mr. Williams Timely Filed his Complaint.

 Defendant also argues that Mr. Williams' Complaint should be dismissed as untimely. (Def. Motion to Dismiss ¶ 15).  Defendant 's argument is without merit.  Defendant, in fact, misconstrues the law on this issue.  Even the cases cited by Defendant, as in the example of *Alfred St. Louis v. Alverno College*, 744 F.2d 1314 (1984), support that plaintiff timely filed his Complaint.  The limitations period in both Title VII and the ADEA begins to run...when the claimant <u>receives</u> the letter, not when it was sent.  *Prince v. Stewart*, 580 F.3d 571 (7th Cir. 2009)(citing *Alfred St. Louis v. Alverno College*, 744 F.2d 1314 (1984))(emphasis added).

6

The facts involved in *Prince* are strikingly similar to those at issue here.  In *Prince* the EEOC sent the plaintiff a RTSL in April 2007, but it was returned by the post office as unclaimed, just as in Mr. Williams' case. *Id.*  Then, just like the facts here, the Commission mailed the letter again, which the plaintiff acknowledged receiving, just like Mr. Williams' acknowledged receiving the August 20th letter. *Id.*  In *Prince*, just as in Mr. Williams' case, the plaintiff filed his lawsuit with 90 days after receiving the re-sent-right-to-sue-letter. *Id.*  The Seventh Circuit rejected the defendant's timeliness argument stating, "the limitations period in both Title VII and the ADEA begins to run, as we said, when the claimant receives the letter, not when it was sent and Prince claims to have first received it on the ninetieth day before he filed the motion." *Id.* at 574.  The court proceeded to explain that the defendants, who have the burden of proving that the suit was untimely, citing *Mosely v. Board of Education*, 434 F.3d 527, 535 (7th Cir. 2006), may be able to prove that Prince received the first mailing, or deliberately or carelessly refused to open it, or was otherwise was responsible for not reading it.   But, the court denied the defendant's motion to dismiss and explained: "at this stage there is no indication of why the letter initially was unclaimed, and so we must (though only provisionally) take Prince at his word that, through no fault of his own, he first received it on July 25." *Id.* at 574.

Here, as in *Prince*, Mr. Williams avers that, through no fault of his own, he did not actually receive notice of his RTSL until the August 20th letter on or after August 23, 2009. (Complaint ¶ 7).  Although further discovery may reveal evidence to the contrary there is presently no basis upon which to dismiss Mr. Williams' claim, so Defendant's motion to dismiss should be denied.

**Conclusion**

Mr. Williams respectfully requests that the court deny Defendant's Motion to Dismiss as he timely filed his Complaint and asserted a valid retaliation claim upon which relief may be properly granted.

Respectfully Submitted,

Stuart K. Jones

670 N. Clark St.
Suite 300
Chicago, IL 60603

8